STRINE, Chief Justice,
Concurring:
I concur in the result reached in the Court’s well-reasoned opinion. I write separately to note that this is just one of many recent cases in which an issue has been raised because a defendant was tried in prison clothes.[5] It breaks no ground for us to point out that it is far from ideal for that to happen. This is also not the only case where there is no record of why the defendant was before the court in prison clothes.[6] As a best practice, a trial judge who comes into court and sees a defendant in prison clothes would be well advised to make a specific inquiry into the issue.[7] It may be that the prisoner wishes to be tried in prison clothes.[8] It could be that someone forgot to tell the prisoner. But whatever the reason, a record should be made and if the prisoner wishes to be tried in civilian clothes, the appropriate arrangements should be made. In that regard, it is my understanding that the Public Defender’s office keeps a collection of civilian clothes on hand for these situations, and it is certainly something that the Bench and Bar can work together to solve. The minor delay that might ensue in some situations is modest, especially given the reality that defendants should not be tried in prison clothes and that when they are and no contemporaneous record is made as to why, a litigable issue that will take the *764 resources of the prosecution, defense, and judicial system will likely arise.

. See, e.g., Blenman v. State, 2016 WL 889551, at *5 (Del. Mar. 8, 2016); State v. Walker, 2015 WL 3654806, at *2 (Del.Super. June 8, 2015).

. See, e.g., State v. McGlotten, 2009 WL 3335325, at *7 (Del.Super. Oct. 8, 2009); Dickens v. State, 2003 WL 21982924, at *5 (Del.Super. July 11, 2003).

. See Payne v. State, 367 A.2d 1010, 1018 (Del. 1976) (explaining that the trial court’s asking "whether the defendants had any personal clothing which they wished to wear ... cured any possible error that might have resulted from its earlier” decision to overrule the defendants’ objection to being tried in prison clothes); see also Marshall v. State, 428 Md. 363, 51 A.3d 641, 649 (2012) (trial judge asked defendant who appeared in prison clothes whether he wanted to change into street clothes); United States v. Pakala, 2011 WL 7506729, at *6 (D.Mass. Aug. 16, 2011) (same).

. See Estelle v. Williams, 425 U.S. 501, 507, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976) (“[I]n-stances frequently arise where a defendant prefers to stand trial before his peers in prison garments. The cases show, for example, that it is not an uncommon defense tactic to produce the defendant in jail clothes in the hope of eliciting sympathy from the jury.”).